UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERAINE TAVARIS JACKSON,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:20-cr-00091

**REPORT AND RECOMMENDATION**

    Pursuant to W.D.Mich. LCrR. 11.1, I conducted a plea hearing in the captioned case on September 18, 2020, after receiving the written consent of Defendant and all counsel. At the hearing, Defendant Teraine Tavaris Jackson entered a plea of guilty to Counts 1 and 3 of the Indictment in exchange for the undertakings made by the government in the written plea agreement. Count 1 charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(l). Count 3 charges Defendant with possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 921(c)(I)(A)(i).

    On the basis of the record made at the hearing, I find that Defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by Defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the Defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

2

I therefore recommend that Defendant's plea of guilty to Counts 1 and 3 of the Indictment be accepted, that the court adjudicate Defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

Dated: September 18, 2020  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).